Daniels, J.
The order staying further proceedings upon the hearing before the referee was made because of the failure to produce and restore to the files an affidavit made by the counsel for the respondents. This affidavit related to facts bearing upon the merits of the application for restitution and it was taken from the files to be used upon another trial, and after that it is stated to have been restored to the clerk, who, however, has no recollection of. having received it and is unable to find it on file. The court considering that the attorney for the plaintiff was in fault for the non-production and restitution of the affidavit, stayed the proceedings on the reference until it should be produced and filed. This order made in this manner will have the effect of indefinitely staying the completion of the hearing before the referee, if the affidavit shall for any reason not be hereafter produced. And as the reference has in part proceeded and the evidence in favor of the appellant has been given, this would be an improper disposition to be made of the proceeding. For instead of being-stayed it should be expedited and brought to as early a conclusion as may be practicable for the disposition of the rights of the parties included in the reference. An order to stay proceedings will in no manner promote a just disposition of the controversy between the parties. It simply has the effect of suspending their rights and excluding the possibility of such a determination without any probable prospect of the affidavit itself being produced by reason of the stay.
In addition to these considerations the affidavit does not seem to be an important document to be used in the hearing before the referee. It cannot be read in evidence in proof of the facts as they are asserted to exist in the affidavit, but the person making it will necessarily be required to be sworn and examined as a witness upon the hearing, to prove and establish these facts, and the production of the affidavit will be no otherwise important than by way of refreshing his recollection as to those facts. And it does not appear that his recollection has become so far obscured in this short period of time, as to disable him from again repeating the facts without depending upon the affidavit for that object.
But if the affidavit is important as evidence before the referee, this is not the regular mode of securing its production. The law has provided a different means, for the attainment of that end, and that is by issuing and serving a subpoena duces tecum directing the person, or persons, on whom it shall be served, diligently to search for and produce the paper before the referee, and if they fail to do that, they may be examined concerning such failure and the efforts that may have been made to obtain the paper. And from the *624 evidence secured in that manner, the referee, as well as the court, will be able to determine whether the affidavit is still in the possession or power of the attorney for the plaintiff, and if it is, then oblige him to produce it upon the hearing. If the determination should be otherwise, then the attorney will be relieved from that direction, and the case will proceed regularly upon the evidence to be secured before the referee, to a final determination, and the rights of the 'parties adjusted and declared, and carried into effect. This is the orderly course of proceeding, and the one prescribed by law to secure the production of documents which may he supposed to be in the possession of a witness upon atrial or hearing for use as evidence in the proceeding. And it is ample for this purpose—much more so than any order staying proceedings by any possibility can be.
The order which was made should be reversed and the motion for the stay of proceedings should be denied, without costs.
Brady, J., concurs.